UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

GARY MICHAEL BURTON and
SHERRY MARIE BURTON,   Case No. 15-31915-dof
                       Chapter 7 Proceeding
         Debtors.      Hon. Daniel S. Opperman
_____/

OPINION OVERRULING CHAPTER 7 TRUSTEE'S OBJECTION
TO DEBTOR'S AMENDED CLAIM OF EXEMPTIONS

Introduction

Collene K. Corcoran, the appointed Chapter 7 Trustee in this case, objects to the Debtors' amended claim of exemptions in a life insurance payment received post-petition, within 180 days of the petition filing, by Debtor Gary Burton, following the death of Debtor Sherry Burton. Debtor Gary Burton disputes that the Trustee's Objection is warranted. The Court conducted a hearing on July 20, 2016, then a status conference on August 31, 2016. On September 2, 2016, the Court issued a Scheduling Order requiring briefs. All post-hearing briefs have been filed, and the Court now issues its decision on the Trustee's Objection to Exemptions. For the reasons stated in this Opinion, the Court overrules the Objection of the Trustee.

Facts

Debtors filed the instant Chapter 7 bankruptcy case on August 5, 2015. On their Schedules, Debtors checked "NONE" in response to Question 20 on Schedule B, which asks for a listing of: "Contingent and noncontingent interests in estate of decedent, death benefit plan, life insurance policy, or trust." No mention of a life insurance policy was made in any of the Debtors' initial

1

bankruptcy documents. On November 16, 2015, Debtors received their Chapter 7 discharge, and the Trustee filed a No Asset Report on January 12, 2016. Prior to the No Asset Report, Debtor Sherry Burton passed away on January 3, 2016. After being notified of the "likelihood" the Debtor may receive life insurance proceeds, the Trustee withdrew her No Asset Report on January 19, 2016.

Debtor Gary Burton asserts that he did not know about this life insurance policy until after his wife's death, when he was notified by the insurer. This life insurance was a benefit Sherry Burton had as an employee of the State of Michigan. She was not the policyholder, but she had the right to name her husband as the beneficiary of the life insurance policy. The Trustee filed a motion to compel turnover of the life insurance proceeds on April 26, 2016, to which Debtor responded, stating that he would be amending Schedules B and C to list and fully exempt the life insurance proceeds. Debtor did amend Schedules B and C the same day on May 10, 2016, listing the total proceeds received of $21,101.00, after funeral expenses. Debtor exempted $9,580.00 of the amount he had available under 11 U.S.C. § 522(d)(5), and exempted the remaining $11,521.00 under 11 U.S.C. § 522(d)(11)(C).

The Trustee objects to the amended exemptions in the life insurance proceeds, arguing that the life insurance proceeds are property of the estate pursuant to 11 U.S.C. § 541(a)(5)(C), and that Debtor's exemption of such should be disallowed for the following reasons: (1) Debtor amended his exemptions to exempt the insurance proceeds in bad faith and did so fraudulently under Federal Rule of Bankruptcy Procedure 4003; (2) the exemption should be disallowed pursuant to Federal Rule of Bankruptcy Procedure 1009, because Debtor amended his exemptions after the Trustee filed her No Asset Report, which is the equivalent of the Trustee "closing her case"; and (3) any exemption taken pursuant to Section 522(d)(11)(C) is improper because Debtor Gary Burton was not entitled

to receive the insurance proceeds at the time of the case filing, a time in which Debtor Sherry Burton was still alive. The Trustee concedes that her motion to compel is moot, and that a decision on her objection to exemptions determines all issues.

The Debtor agrees that the life insurance proceeds are property of the estate by virtue of Section 541(a)(5)(C), but asserts that under the current state of the law, namely under *Law v. Siegel*, 134 S. Ct. 1188 (2014), his amended exemptions should be allowed because even bad faith cannot be a reason to deny his exemption. Debtor further denies that Rule 1009 is applicable, because his case was not closed prior to the amended exemptions. Finally, Debtor argues that the exemption taken pursuant to Section 522(d)(11)(C) is appropriate, because the life insurance proceeds qualify specifically under this exemption.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (b)(2)(B) (allowance or disallowance of exemptions from property of the estate).

Law and Analysis

Burden of Proof–Objections to Exemptions

As a starting point, the Court is guided by the general principle that exemptions are to be construed liberally in favor of the debtor in keeping with the Bankruptcy Code's general policy of providing a fresh start to the honest, but unfortunate debtor. Federal Rule of Bankruptcy Procedure 4003(c) states that the burden of proof is on the objecting party, here the Trustee, to prove that the debtor's exemption is not properly claimed.

Amendments to Exemptions–Bad Faith

Amendments to schedules are freely given, and the debtor is under an obligation to amend schedules when necessary. The Sixth Circuit Court of Appeals had previously endorsed this approach in the case of *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984). *Lucius* held, in part that:

> [C]ourts may still refuse to allow an amendment where the debtor has acted in bad faith or where property has been concealed.

*Lucius*, 741 F.2d at 127.

However, the bad faith/concealment exception noted above has been limited by the United States Supreme Court regarding amendments to exemptions in the case of *Law v. Siegel*, 134 S. Ct. 1188 (2014). In *Siegel*, the Supreme Court held that an exemption may not be disallowed or limited where a debtor fraudulently conceals an exempt asset, determining that courts do not have a general equitable power to deny exemptions based on a debtor's bad faith conduct. *Id*. at 1196-97. The Supreme Court noted that certain exceptions do apply–i.e., certain debts for tax fraud, fraud in connection with student loans, and other specified types of wrongdoing pursuant to Section 522(c), in addition to Section 522(o), which "prevents a debtor from claiming a homestead exemption to the extent [it was] acquired . . . with non exempt property in the previous ten years 'with the intent to hinder, delay, or defraud a creditor.'" *Id*. at 1196. These carefully enumerated exceptions in Section 522, the *Siegel* Court noted, further confirm "that courts are not authorized to create additional exceptions." *Id*. at 1196. The Supreme Court did acknowledge that this limitation applies to federal law only, and that if a debtor claims a state-created exemption, the exemption's scope is determined by state law, which may result in a finding that certain conduct of the debtor warrants a denial or reduction of the exemption. *Id*. at 1196-97.

What was once a complex analysis of good faith when amendments to exemptions are made,

is now a simple one, with limited, specific exceptions, under the United States Supreme Court's decision in *Siegel*. The Court concludes that in this case, it lacks discretion to deny Debtor's amended exemptions under *Siegel*, and because these exemptions are claimed under federal law and no exception applies, the analysis in this regard ends there.[1]

Bankruptcy Rule 1009

Federal Rule of Bankruptcy Procedure 1009(a) states, in part:

(a) General Right to Amend. A voluntary petition , list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.

11 U.S.C. § 350(a) provides that, "[a]fter an estate has been fully administered and the court has discharged the trustee, the court shall close the case." Federal Rule of Bankruptcy Procedure 5009(a) concerning the closing of Chapter 7, 12 and 13 cases allows for a 30-day objection period after a no asset report is filed before there can be a presumption that a case has been fully administered.

By filing her No Asset Report, this bankruptcy case was not closed. First, the requisite 30-day period after the No Asset Report was filed had not yet passed when such was withdrawn by the Trustee. Second, the Trustee has never been discharged in this case. Third, the closing of a case is an action performed by the Court, not a trustee or any other party in interest.

11 U.S.C. § 522(d)(11)(C)

---

[1] The Trustee also argues that Rule 4003 provides a basis to deny Debtor's exemption, but such is inapplicable because this rule, specifically subsection (b)(2), addresses the ability of a trustee to file a late objection to a claim of exemptions within one year of a case closing "if the debtor fraudulently asserted the claim of exemption." Fed. R. Bankr. P. 4003(b)(2). In this case, the Trustee's timeliness in filing the instant objection to exemptions is not in question.

Section 522(d)(11)(C) states that the following property is exempt:

(11) The debtor's right to receive, or property that is traceable to–

* * * *

(C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependant of the debtor.

The Trustee asserts that because Debtor Gary Burton did not have a right to receive the life insurance proceeds, or property that is traceable to such, on the date of the bankruptcy filing, this exemption is unavailable to him. In other words, it is the Trustee's position that whenever the insured is alive on the date of a bankruptcy filing and dies post-petition, but within 180 days so that Section 541(a)(5)(C) makes such property of the estate, Section 522(d)(11)(C) can never be an available exemption to the surviving, beneficiary debtor.

The Court first starts with Section 541(a)(5)(C), which makes 180-day post-petition life insurance proceeds property of the bankruptcy estate. The Trustee argues that "[t]he Debtor has cited no cases to support his position that the proceeds are exempt under 11 U.S.C. § 522(d)(11)(C) when the insured is alive on the date of the filing of the case." The Court has researched this argument, and has uncovered no case law to support the Trustee's argument in this regard, and perhaps with a good reason. Property resulting from a post-petition death can never exist on the petition filing date under Section 541(a)(5)'s 180-day look back period. A debtor therefore could not claim an exemption in an asset that did not exist when the bankruptcy petition was filed. Once the insured dies, the insurance benefit is then certain and then the debtor could claim an exemption. To disallow a debtor's ability to exempt his "right to receive" payment or exempt "property that is traceable" to such payment simply because the triggering event did not exist on the petition filing

6

date creates an impossibility. A debtor cannot exempt what does not exist at a certain time. Accordingly, this Court will not disallow a debtor's ability to amend exemptions in such property, when such exemptions are to be freely granted and without reference to any allegations of bad faith.

The Trustee does not offer any other basis under Section 522(d)(11)(C) to disallow Debtor Gary Burton's exemption in the life insurance proceeds.[2] Thus, his exemption under Section 522(d)(11)(C) in the entire amount claimed of $11,521.00 shall be allowed.

### Conclusion

For these reasons, the Court denies the Trustee's Objection to the Amended Exemptions of Debtor Gary Burton. The Court directs counsel for Debtor to prepare and present an appropriate order under the applicable rules of this Court.

**Not for Publication**

**Signed on March 07, 2017**

                              **/s/ Daniel S. Opperman**
                              **Daniel S. Opperman**
                              **United States Bankruptcy Judge**

---

[2] Namely, the Trustee does not raise the argument in any pleading that the life insurance proceeds are not "necessary for the debtor's support," under Section 522(d)(11)(C).

7

15-31915-dof    Doc 65    Filed 03/07/17    Entered 03/07/17 11:09:07    Page 7 of 7